UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DICKSON ADETUYI,<br><br>    Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant. | Case No. 13-cv-04273-MEJ<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 24 |

In this discrimination lawsuit, Plaintiff Dickson Adetuyi alleges that Defendant City and County of San Francisco has failed to promote him, despite being placed at the top of the eligibility list, because of his race (African-American) and in retaliation for a sexual harassment lawsuit he filed against Defendant in 2007. Jt. Ltr. at 1-2, Dkt. No. 24. On May 16, 2014, the parties filed the present joint discovery dispute letter regarding Plaintiff's Requests for Production of Documents Nos. 10 and 13.

In Request No. 10, Plaintiff seeks documents concerning discipline from the personnel file of his former supervisor, who is now retired. Jt. Ltr., Ex. 1 at 4. Plaintiff argues that these records are relevant because the former supervisor is the person against whom he brought the sexual harassment allegations in 2007. Jt. Ltr. at 2. If the supervisor was not disciplined for sexual harassment, Plaintiff argues this tends to show Defendant's bias. *Id.* In response, Defendant argues that Plaintiff has failed to show how whether it disciplined the supervisor for alleged conduct over seven years ago is relevant to Plaintiff's claims of discrimination and retaliation arising from alleged conduct by other supervisors in 2011 and 2012. *Id.* at 3. Defendant further argues that Plaintiff does not claim that his former supervisor was involved in the selection and

1  promotion processes at issue, nor was he similarly situated for purposes of Plaintiff's disparate
2  treatment claim. *Id.* Lastly, even if the Court were to determine that the documents are relevant,
3  Defendant maintains that their de minimis probative value does not outweigh the privacy interests
4  of the supervisor, who is a third party. *Id.*

5  In Request No. 13, Plaintiff seeks documents showing the discipline of a co-worker for
6  falsifying time records. *Id.*, Ex. 1 at 6. Plaintiff argues that the co-worker was not disciplined,
7  and "[t]his constitutes clear evidence of favoritism." Jt. Ltr. at 2. In response, Defendant argues
8  that Plaintiff fails to reference necessary concomitant facts that would show how such alleged
9  favoritism would be relevant to this case – e.g. that the co-worker was promoted and Plaintiff was
10 not; that Plaintiff was disciplined for the same conduct for which the co-worker was not
11 disciplined; or that Plaintiff was denied a promotion for conduct for which the co-worker was not
12 disciplined. *Id.* at 3. Even if the Court were to determine that the documents are relevant,
13 Defendant maintains that their de minimis probative value does not outweigh the privacy interests
14 of the third party. *Id.*

15 "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any
16 party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible
17 at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible
18 evidence." *Id.* District courts have broad discretion in determining whether evidence is relevant
19 for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.
20 2005).

21 Here, the Court finds that Plaintiff is not entitled to the requested discovery. As to his
22 former supervisor's disciplinary records, it is not clear how his disciplinary records are relevant to
23 Plaintiff's claims arising from the conduct of other supervisors in 2011 and 2012. Further, there is
24 no indication that Plaintiff's former supervisor, who is retired, was involved in the promotion
25 process at issue in this case. As to documents regarding a co-worker falsifying time records,
26 Plaintiff has not shown that this issue is in any way related to his current discrimination and
27 retaliation claims. As Defendant points out, there is no indication that the co-worker was
28 promoted and Plaintiff was not; that Plaintiff was disciplined for the same conduct for which the

United States District Court
Northern District of California

1   co-worker was not disciplined; or that Plaintiff was denied a promotion for conduct for which the
2   co-worker was not disciplined.

3   Even if the Court were to find that the requested documents are in some way relevant, it
4   also finds that the value of the information sought does not outweigh third party privacy interests.
5   "'In the context of discovery of confidential information in personnel files, even when such
6   information is directly relevant to litigation, discovery will not be permitted until a balancing of
7   the compelling need for discovery against the fundamental right of privacy determines that
8   disclosure is appropriate.'" *Liberty Mut. Ins. Co. v. Cal. Auto. Assigned Risk Plan*, 2012 WL
9   892188, at *3 (N.D. Cal. Mar. 14, 2012) (quoting *El Dorado Sav. & Loan Assn. v. Super. Ct.*, 190
10  Cal. App. 3d 342, 346 (1987)). Thus, in the employment discrimination context, "a party seeking
11  the discovery of personnel information must demonstrate, notwithstanding the breadth of
12  discovery, that the value of the information sought would outweigh the privacy interests of the
13  affected individuals." *Rubin v. Regents of Univ. of Calif.*, 114 F.R.D. 1, 4 (N.D. Cal. 1986).

14  In *Life Techs. Corp. v. Superior Court*, 197 Cal. App. 4th 640, 652 (2011), the court
15  determined that to evaluate whether discovery requests improperly invade a third party's right of
16  privacy, the Court must determine whether the information sought constitutes a "legally protected
17  privacy interest." Toward this end, the court determined that personnel records of third parties do
18  implicate privacy interests and noted, "The public interest in preserving confidential, personnel
19  information generally outweighs a private litigant's interest in obtaining that information." *Id.*
20  However, the court then noted that a showing of relevance of the personnel records to the subject
21  matter of the litigation sufficed to require the Court to weigh the privacy interests against the
22  litigant's compelling need to obtain the records. *Id.* The court instructed that if the information
23  can be obtained from depositions or other non-confidential sources, the privacy interests would
24  prevail. *Id.* On the other hand, where disclosure is warranted, courts still must ensure that the
25  discovery request is narrowly tailored to minimize the intrusion. *Id.* at 652-53.

26  Here, even if the Court were to find the supervisor's and co-worker's personnel files
27  relevant, any such relevancy would be minor and far outweighed by the third party's privacy
28  interests in their confidential employment records. Further, Plaintiff has not shown that he is

unable to obtain similar information from less intrusive means of discovery or other non-confidential sources.  Accordingly, the Court DENIES Plaintiff's request to compel further responses to Requests for Production of Documents Nos. 10 and 13.

**IT IS SO ORDERED.**

Dated: May 21, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge